HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| COMMODITY FUTRUES TRADING COMMISSION,<br><br>Plaintiff,<br>v.<br><br>AARON MICHAEL SCOTT,<br><br>Defendant. | CASE NO. 3:18-cv-05802-RBL<br><br>ORDER DENYING MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM<br><br>DKT. #11 |

## INTRODUCTION

THIS MATTER is before the Court on Defendant Aaron Michael Scott's Motion to Dismiss for Failure to State a Claim. Dkt. 11. This case concerns Scott's alleged fraudulent activities as the president and sole owner of Blue Moon Coins, an online seller of gold and silver. According to the CFTC's Complaint, Scott obtained approximately $1,360,000 from at least 133 customers between October 2013 and April 2014 by accepting customers' money and then prevaricating in various ways when their goods did not arrive. Scott has already been sued by the Washington State Attorney General in 2015 and is also undergoing criminal proceedings in federal court related to these activities. The CFTC's Complaint alleges violations of the

Commodity Exchange Act ("the Act"), 7 U.S.C. § 9(1) (2012) and CFTC Regulation 180.1(a)(1)-(3), 17 C.F.R. § 180.1(a)(1)-(3) (2018).

Scott states four primary reasons for dismissing the Complaint. First, according to Scott, coin dealers are not commodity brokers regulated by or registered with the CFTC. Second, Scott contends that the consent decree from the 2015 state proceedings, which concerned violations of the Consumer Protection Act, and the criminal proceedings collaterally estop the CFTC from bringing this action. Third, Scott argues that the Complaint does not show that Scott did anything as an individual to incur liability. Finally, the only argument that Scott spends any substantial time on in his brief is that the CFTC cannot regulate the sale of coins because the CFTC has no authority over money and cash commodities.

## DISCUSSION

Dismissal under Fed. R. Civ. P. 12(b)(6) may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A plaintiff's complaint must allege facts to state a claim for relief that is plausible on its face. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim has "facial plausibility" when the party seeking relief "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Although the court must accept as true the Complaint's well-pled facts, conclusory allegations of law and unwarranted inferences will not defeat an otherwise proper 12(b)(6) motion to dismiss. *Vazquez v. Los Angeles Cty.*, 487 F.3d 1246, 1249 (9th Cir. 2007); *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations

must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations and footnotes omitted). This requires a plaintiff to plead "more than an unadorned, the-defendant-unlawfully-harmed-me-accusation." *Iqbal*, 556 U.S. at 678 (citing *id.*).

**1. Whether Coin Dealers not required to Register with the CFTC may be Regulated**

Scott asserts, without any support, that the CFTC lacks standing to bring this action because coin dealers are not commodities brokers required to be registered with the CFTC. The CFTC argues that this is a frivolous argument and cites substantial authority for the proposition that registration status is not an element of its fraud claim. *See U.S. Commodity Futures Trading Comm'n v. S. Tr. Metals, Inc.*, 894 F.3d 1313, 1325 (11th Cir. 2018); *see also U.S. Commodity Futures Trading Comm'n v. Arrington*, 998 F. Supp. 2d 847, 871 (D. Neb. 2014) (granting summary judgment against non-registrant commodity pool operators on fraud claims). In light of this, Scott's first argument fails.

**2. Collateral Estoppel**

Like his registration argument, Scott's argument that the CFTC is collaterally estopped from bringing this action is unsupported by authority. The CFTC responds that collateral estoppel does not apply. With respect to the Washington Attorney General's lawsuit, the CFTC contends that it cannot be estopped because it was not a party to the prior case. *See In re Subpoena Issued to Commodity Futures Trading Comm'n*, 370 F. Supp. 2d 201, 206 (D.D.C. 2005) ("The basic premise of preclusion is that parties to a prior action are bound and nonparties are not bound."). In *In re Subpoena Issued to Commodity Futures Trading Comm'n*, the court held that there was "no basis in law" to bind the CFTC to a prior proceeding that it was not a party to. *Id.* at 206-07.

1    Because the CFTC was not a party to the 2015 litigation, Scott's assertion of issue
2    preclusion would have to fall under the heading of "defensive collateral estoppel." "Defensive
3    use of collateral estoppel precludes a plaintiff from relitigating identical issues by merely
4    'switching adversaries.'" *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 329 (1979). Here,
5    however, there is no indication that the CFTC has switched adversaries, but is instead bringing a
6    whole new action. Scott does not even bother to explain why the criminal proceeding would
7    collaterally estop the CFTC. Accordingly, the Court will not apply collateral estoppel here.

**3.    Scott's Individual Liability**

Scott asserts, again without support, that the CFTC has not sufficiently alleged Scott's individual involvement in the relevant online transactions, which were carried out by Blue Moon Coins. The CFTC responds that the Act allows it to bring an action against the "controlling person" behind a company. 7 U.S.C. § 13c(b) (2012). This requires showing (1) the exercise of control; and (2) a lack of good faith or knowing inducement of the acts constituting the violation. *U.S. Commodity Futures Trading Comm'n v. Hunter Wise Commodities*, LLC, 21 F. Supp. 3d 1317, 1350 (S.D. Fla. 2014). To satisfy this standard, the CFTC must show that the person had general control over the relevant entity. *Commodity Futures Trading Comm'n v. R.J. Fitzgerald & Co.*, 310 F.3d 1321, 1334 (11th Cir. 2002). The CFTC must also show specific control, which is "the power or ability to control the specific transaction or activity upon which the primary violation was predicated." *Monieson v. Commodity Futures Trading Comm'n*, 996 F.2d 852, 860 (7th Cir. 1993).

Here, the CFTC has alleged that Scott was the "President, Secretary, and sole owner of Blue Moon," "made all financial and strategic business decisions," and directed the opening of bank accounts, signing of contracts, and the application of customer funds to business

investments and other purchases. Dkt. #1, at 6-7. These allegations, if true, would likely show that Scott was a controlling person. Scotts's argument therefore fails.

**4.     CFTC Regulation of Money and Cash Commodities**

Finally, Scott argues that the CFTC cannot regulate the sale of coins because the CFTC has no authority over money and cash commodities. According to Scott, 7 U.S.C. § 2(a)(1)(A) establishes the CFTC's jurisdiction, which extends to "transactions involving swaps or contracts of sale of a commodity for future delivery." Scott then points to § 1a(27), which excludes "any sale of any cash commodity for deferred shipment or delivery" from the definition of "future delivery." Scott then asserts that gold and silver are cash commodities. Scott also relies on *Nagel v. ADM Inv'r Servs., Inc.*, 217 F.3d 436 (7th Cir. 2000) and *Lachmund v. ADM Inv'r Servs.*, Inc., 191 F.3d 777 (7th Cir. 1999) for the proposition that gold and silver are not commodities, although this is a strange argument because those cases do not even involve precious metals.

The CFTC identifies several problems with Scott's position. First, the CFTC points out that § 2(a)(1)(A) establishes only the agency's "exclusive jurisdiction," which does not preclude the CFTC from exercising jurisdiction in additional areas simultaneously with other agencies. The CFTC also argues that section 9(1) of the Act and 17 C.F.R. § 180.1 state that the CFTC has enforcement authority over fraud in connection with any "contract of sale of any commodity in interstate commerce." Gold and silver are "commodities" because they fall under the "all other goods and articles" language of section 1a(9) of the Act. The CFTC also argues that other sections of the Act and regulations specifically contemplate regulating gold and silver as commodities. *See* 7 U.S.C. § 23; Regulation 13.4(g), 17 C.F.R. § 31.4(g). Finally, the CFTC contends that *Nagel* and *Lachmund* are irrelevant to this case because they address whether the

transactions at issue there were futures required to be conducted on a registered exchange. *See* 217 F.3d at 440-41; 191 F.3d at 786-90.

The Court agrees with the CFTC that Scott's argument is erroneously premised on the idea that the CFTC is limited to its areas of exclusive jurisdiction. The Court also agrees that gold and silver are "commodities" as defined in section 1a(9) of the Act and that the CFTC therefore has enforcement authority in this action. *See U.S. Commodity Futures Trading Comm'n v. Int'l Monetary Metals, Inc.*, No. 14-62244-CIV, 2016 WL 8256852, at *4 (S.D. Fla. Aug. 1, 2016) ("The precious metals, including gold and silver, described herein are commodities as defined by Section 1a(9) of the CEA, 7 U.S.C. § 1a(9)."); *U.S. Commodity Futures Trading Comm'n v. Smithers*, No. 9:12-CV-81165-KAM, 2013 WL 4851684, at *7 (S.D. Fla. July 31, 2013) (same).

## CONCLUSION

For the above reasons, Scott's Motion to Dismiss [Dkt. #11] is DENIED.

IT IS SO ORDERED.

Dated this 6th day of February, 2019.

Ronald B. Leighton
United States District Judge